## STATE ex MEYER v VEST

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 7, 1932

J. G. Hartwell, Youngstown, and J. N. Higley, Youngstown, for Relator.

Harold Yost, Youngstown, and Paul Z. Hodge, Youngstown, for Respondent.

POLLOCK, J.

The first claim made by the Relator is that he was elected not only for the short term, or special term, from the time of his election until January, but that he was elected for that term and also for the term beginning on the 1st day of January, 1932, and was entitled to hold his office until the expiration of the regular term, January 1, 1933. He claims this rule by virtue of the rule announced in the case of **State ex Attorney General v Frederick Cogswell, 8 Oh St, 620.** That case was to determine the right to the Probate Judge's office in Pickaway County. Some time shortly before the general election, the Probate Judge of that county either died or resigned. At the regular election the usual notice required by the Code was given of an election and notice that a Probate Judge was to be elected without declaring whether it was the short term or the long term. The election was had and the question arose whether the person elected was elected for the short term or for the regular term, and under substantially that condition of facts the Supreme Court held:

"1. That under the constitution and laws of this state, such election of probate judge was not void for uncertainty.

2. That such election did not embrace both the offices which should have been voted for at that time.

3. That the judge thus elected must by reasonable intendment be held to have been elected for the full term and not for the unexpired term."

It is claimed that this case supports the plaintiff's contention. We think it is strong authority against the contention. The notice was given in the above case at the regular time for holding the election and the Supreme Court holds that the person was not elected for the unexpired and full term, but that he was elected for the full term.

Now, we have a case where at a special election there was notice given that a mayor would be elected, and he was elected at that special election, not elected for the special and full term but just for the special term. Just as in the case before the Supreme Court, when the election was held on the day for the regular term, the presumption and the real intendment was that he was elected for the full term. With like reasoning, when the election was held for a special election, that he was elected for the special term and that the voters had a right to elect at the November election a mayor for the regular term, which was done.

The next error complained of is that the defendant did not properly qualify. It appears that the clerk of the village had moved out, not only out of the village but out of the county into Trumbull County, taking with him the records. He moved probably some time in November and council did not appoint any one to succeed him as clerk of the village, so there was no clerk after the defendant was elected until the new clerk came in, with whom to deposit his bond. Defendant secured a bond of $1,000 and when the new clerk came into office he deposited it with him. He took his oath of office and deposited the evidence of the oath of office with the clerk. It is stated that council was called to appear on the 8th of January and only three members responded to that call and they adjourned, not being a quorum. Another call was issued for January 15th. The same three members appeared and no more. It appears that one of the council elected, Mr. Orville Gahn, had not qualified. The three members of council present declared Mr. Gahn's office vacant, for the reason that he had not qualified by taking the oath of office. Under the provisions of the statute the members of council present appointed another man, who did qualify, and at that meeting the bond of the defendant

as mayor was approved by council.

It is claimed that there was not a quorum of council present when it declared Gahn's office vacant and appointed a member. §4237 GC provides as follows:

"Council shall be the judge of the election and qualification of its members. A majority of all the members elected shall be a quorum to do business, but a less number may adjourn from day to day and compel attendance of absent members in such manner and under such penalties as are prescribed by ordinance. The council shall provide rules for the manner of calling special meetings."

Sec 4242 GC provides:

"The council may declare vacant the office of any person elected or appointed to an office who fails to take the required official oath or to give a bond required of him within ten days after he has been notified of his appointment or election or obligation to give a new or additional bond as the case may be."

The claim is made as there were only three members of council, not a quorum of the whole number elected, present, that they could do nothing but adjourn, that council could not declare, under §4242 GC, the office of this member who had not qualified vacant.

Now, turning to §7 GC:

"A person elected or appointed to an office who is required by law to give a bond or security previous to the performance of the duties imposed on him by his office, who refuses or neglects to give such bond or furnish such security within the time and in the manner prescribed by law, and in all respects to qualify himself for the performance of such duties shall be deemed to have refused to accept the office to which he was elected or appointed and such office shall be considered vacant and be filled as provided by law."

A member of council is not required to give bond but is required to take the oath of office. Gahn had not done so, so that the office of that member of council was vacant at that time and all that council did and all that it was required to do under §4242 GC was simply to put in their minutes declaring it was vacant, but the claim is made that without a quorum they could not even do that.

In the case of **State ex v Orr, 61 Oh St, 384**, the Supreme Court says:

"A municipality has power to provide by ordinance that a member of council who removes within his ward shall be deemed to have resigned his office.

Where there is such a vacancy a quorum will consist of a majority of all the members elected and remaining qualified."

Gahn, when he failed to qualify, under the provisions of the Code the office was then vacant, so that there were only five members of council who had been elected and qualified, and there was a quorum present. This quorum that was there appointed another member and he immediately took the oath of office and proceeded with that meeting where four members were present. The mayor's bond was approved, so that he was at that time and long before the action was brought the mayor of the village, and even if the action had been brought before council approved his bond, he having done all he could, it would not have been a proper action. The proper action would have been to require council to either approve or disapprove his bond.

These are all the questions raised in this action and we think the defendant is properly elected. He properly qualified and is now legally holding the position of mayor of Craig Beach. The plaintiff's petition will be dismissed and judgment entered in favor of the defendant. If motion for new trial is filed it is overruled and exceptions noted.

ROBERTS and FARR, JJ, concur in the judgment.